UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

E-FILED
Monday, 30 September, 2024  12:05:28 PM
Clerk, U.S. District Court, ILCD

MARILYN STERK
Plaintiff

v.

UNITED STATES OF AMERICA
FEDERAL BUREAU OF PRISONS,
WARDEN OF FPC PEKIN,
P.A. DANIELLE SMITH OF FPC PEKIN,
NURSE CARRIE SCHMIDT OF FPC PEKIN,
Defendants



FILED

SEP 27 2024

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## 42 U.S.C. 1983 MOTION
## COMPLAINT

### I. INTRODUCTION

Petitioner's Petition pursuant to Title 42, United States Code Section 1983. I am challenging the execution of my sentence and method of confinement due to medical negligence and deliberate indifference.

### II. FACTS

I cannot get the medical treatment I desperately require. I am a 74 year old woman who is recovering from Stage IV thyroid cancer which has resulted in lung metastases and over 30 cancerous nodules in my lungs, which are not being treated properly by the medical staff here at FPC Pekin. I was, prior to being incarcerated, under the care of qualified, specialty physicians at the Mayo Clinic who had carefully determined the medical treatment that I require to maintain my health and keep my cancer at bay. Due to the severity of my condition, and my age, I should have never been made to serve a sentence at an institution but should be serving it on home confinement, so that I can continue to receive the specialized medical care I require with my doctors at the Mayo Clinic.

I also suffer from type 2 diabetes, osteopenia, and Stage 4 of 4 non-alcoholic cirrhosis of the liver. Prior to my incarceration, my doctors at the Mayo Clinic in Rochester, MN, put together a carefully constructed, very specialized medical care plan for me that the staff here have completely disregarded. I am required to receive specific medications at specific doses which the BOP is refusing to follow as prescribed. For my thyroid cancer and lung metastases, I require a specific dose of levothyroxine to keep the cancerous nodules in my lungs from growing. The medical staff here are deliberately and willfully giving me a lower dose than what my physician at Mayo Clinic prescribed and it is severely impacting my health. I get tired very quickly, cough excessively, and my overall health is impacted negatively. I need this medication at the correct level to keep the cancer in check. My sick call requests, cop outs, and emails to staff about this very issue go unanswered. I have filed my administrative remedies all the way up to a BP-10 with either denials or no response. Further attempts at any administrative remedies are pointless and futile.

Other medical testing that I need is not being provided to me either. I require a bone density test for my osteopenia and the BOP refuses to provide it. The BOP is also refusing to do the required eye exam for macular degeneration that is needed due to my diabetes. While I do take metformin and Ozempic for my diabetes, I am not allowed to test my blood sugar levels regularly, so my diabetes is being 'treated and managed' blindly by the staff here. I should be able to test my blood sugar levels at least once a day to successfully manage my diabetes and control my blood sugar levels. A regular citizen, outside of jail or prison that is a diabetic, tests themselves before every meal and before going to bed. Bloodwork in a lab is done every two months and you see the endocrinologist every two months. The BOP does NOT provide this level of care to anyone here who is diabetic. When I request to be able to test my blood sugar levels with the nurse, she refuses. I was sent to an endocrinologist in Peoria one time this past June, and this doctor ordered me to have bloodwork drawn at her facility. However, the staff here at

FPC Pekin insisted that I get it done at the camp and then, did NOT do all the tests that the endocrinologist ordered, which defeats the purpose entirely. This bloodwork order expired on 9/13/2024. I was then scheduled to see the endocrinologist on 9/18/2024, but when I went up to the administrative office to go to the appointment it had not been signed off by the staff here at the camp, so I was not allowed to go. This is the kind of medical negligence I face daily.

We used to have a physician here at FPC Pekin, but he has since left and is on home confinement himself. This is not encouraging. He was replaced by P.A. Danielle Smith. I have never been consulted with or been able to meet with her. Constant high blood glucose levels, left unmonitored and not properly treated, will cause kidney disease or failure, heart disease, and eye disease. The staff here are medically negligent and exhibit deliberate indifference to my health needs and well being, and it is causing me long term harm. I DO NOT WANT TO DIE HERE.

FPC Pekin's history of caring for people with serious medical conditions is not a good one. This camp has seen over four deaths since 2019, and they are known for hiding the truth. The staff here are fully aware of my health issues and medical

III. LEGAL ANALYSIS

I respectfully argue that this District Court does "have original jurisdiction of all civil actions rising under the Constitution, laws, or treaties of the United States." 28 U.S.C. Section 1331.

Section 1983 basically seeks to (1) deter state actors from using badge of their authority to deprive individuals of their federal guaranteed rights, and (2) provide related relief. It was designed to protect individuals against misuse of power made possible only because wrongdoer is clothed with authority of state law.  Since the state has created a custodial or other special relationship with a particular class of individuals, courts have recognized that the state may have a constitutionally recognized "affirmative duty" to provide certain "elementary protective services." Jackson, 738 F.2d at 1446-47. Prison inmates represent one such class. In Estelle v. Gamble, 429 U.S. 97, 104-06, 50 L Ed. 2d 251, 97 S. Ct. 285 (1976), the Supreme Court recognized a constitutional duty on the part of the state not to be deliberately indifferent to the medical needs of its prison inmates. Although this Eighth Amendment duty has been phrased negatively by the Supreme Court, we have stated that the state has an affirmative obligation "to provide persons in its custody with a medical care system that meets minimal standards of adequacy." Wellman v. Faulkner, 715 F.2d 269, 271 (7th Cir. 1983).

The courts have said that deliberate indifference requires a showing of more than mere or gross negligence, but less than purposeful infliction of harm. Perkins v. Lawson, 312 F .3d 872, 875 (7th Cir. 2002); Proffitt v. Ridgway, 279 F.3d 503, 506 (7th Cir. 2002) (explaining that deliberate indifference to prisoner's safety implies avoidance of KNOWN risk, not merely foreseeabl risk). "A detainee establishes a Section 1983 claim by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." Payne for Hicks v. Churchich, 161 F.3d 1030, 1041 (7th Cir. 1998). Although this is a "high hurdle for a plaintiff," Peate v McCann, 294 F.3d 879, 882 (7th Cir. 2002), one "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842.

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, the United States Supreme Court established a caus of action under the United States Constitution against federal officials in their individual capacities for the violation of federal constitutional rights. The Unites States Supreme Court has specifically allowed Bivens claims to be brought against federal prison officials based on an allegation of deliberate indifference to a serious medical need. In order to establish an Eighth Amendment medical claim, the plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need," Natale v. Camden Cty. Correctional Facility, 318 F .3d 575, 582 (3rd Cir. 2003). In Monmouth County Correctional Institutional Inmates v. Lanzaro, "a serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention," and "if unnecessary and wanton affliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." In Rouse v. Plantier, 182 F .3d 192, 197 (3rd Cir. 1999), the Judge contended "that the BOP's systematic failure to constitutionally adequate level of care reflected a deliberate indifference to the inmate's medical needs."

In my circumstances, the two prong evaluation for an Eighth Amendment claim meets both the objective inquiry and the subjective inquiry. The objective inquiry is met in Farmer v. Brennan, 511 U.S. 825, 834, 114 S Ct. 1970, 128 L. Ed. 2d 811 (1994), where it states "alleged deprivation is 'sufficiently serious' that the action or inaction of a prison employee leads to the denial of the minimal civilized measure of life's necessities." I have been told that I will not be allowed to have the CT scan that I need to have within the next two weeks until after January 15, 2025 - four months from now. This is unacceptable. I have a history of ovarian cancer, I am in a great deal of constant pain, and waiting to see the doctor four months from now endangers my health and my life. This type of cancer grows rapidly and is very aggressive. I DO NOT WANT TO DIE.

The subjective inquiry is met in Farmer v. Brennan, 511 U.S. 825, 834, 114 S Ct. 1970, 128 L Ed. 2d 811 (1994), where it states that "a prison official may be held liable for denying to a prisoner humane conditions of confinement, under the rule that an official's 'deliberate indifference' to a substantial risk of serious harm to a prisoner violates the Eighth Amendment, only if the

official is subjectively aware that the prisoner faces such a risk and disregards that risk by failing to take reasonable measures to abate the risk" and "prison conditions could constitute cruel and unusual punishment without any officials' improper subjective motivations." In Board v. Farnham, 394 F .3d 469, 478 (7th Cir. 2005), it states that "inhumane and inadequate conditions that existed during confinement infringed on constitutional rights." Furthermore, deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F .3d 192, 197 (3rd Cir. 1999).  My medical issue is of an urgent nature and I need to be examined and treated quickly due to my history of cancer. My life is in danger. The BOP staff here have already been shown to have neglected two women suffering from cancer and both women died to to medical negligence and deliberate indifference to their urgent needs.

28 C.F.R. Section 542.10, "provides inmates with the ability to seek formal review of an allegation of inadequate medical care, and 42 U.S.C. Section 1983, states that "every person who, under color of any statute, ordinance, regulation, custom, or usage of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

Quincy West v. Samuel Atkins, (1988) 487 US 42, 101 L Ed 2d 40, 108 SCT 2250, states "a physician who is employed by the BOP is acting 'under the color of state law.' " I am alleging a denial of my rights, under the Federal Constitution's Eighth Amendment, to be free from cruel and unusual punishment. "(1) A physician who provides medical services to inmates acts 'under color of state law.' within the meaning of 42 U.S.C. Section 1983, when an inmate is treated; and (2) that defendants are not removed from purview of Section 1983 simply because they are professionals acting in accordance with professional discretion and judgment. A physician who acts on behalf of the state to provide needed medical attention to a person who is involuntarily in custody and cannot otherwise obtain such care, and who causes physical harm to such a person by deliberate indifference, deprives that person of liberty without due process in violation of the Federal Constitution's Fourteenth Amendment."

Exhaustion of Remedies is also futile in my case. I have not been able to file my administrative remedies as required because of futility, based on the following facts: the administrative staff refuse to accept electronic cop-outs, requesting paper cop-outs only, which are then thrown away. They are restricting us by only allowing us to obtain one BP-8, per inmate,

per week - which then must be turned in no earlier than the following week, thus delaying the process even further because they will not allow you to then have a BP-9 form until the week after that. The reason given for this restriction by the administrative staff is that "they do not have the time to process our administrative remedies with LOPER overturning Chevron." Further effort on trying to file the remedies is fruitless and it would take 120 days or more just to go through the four step procedure to address a single claim. In Woodley v. Warden, USP Leavenworth, 24-3053-JWL, (United States District Court, District of Kansas, May 15, 2024), the judge stated that "Petitioner is correct that [a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."

## IV. RELIEF REQUESTED

I respectfully request that the Court grant me relief by releasing me to immediate home confinement for the remainder of my sentence, so that I can get the specialized medical care that I require from my team of physicians at the Mayo Clinic. I cannot get adequate care and treatment here at FPC Pekin. The BOP's deliberate indifference to my serious and ongoing medical needs, as well as my advanced age, and the medical negligence I have suffered from, has resulted in a serious decline in my health, which violates my Constitutional rights that protect me from cruel and unusual punishment. I am asking for the sum of $5,000,000 to cover my medical expenses and to also compensate me for the neglect and trauma I have had to endure.

## VERIFICATION:

I have read the foregoing petition and hereby verify that the matters are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Pekin, Illinois on this _____23rd_____ day of September, 2024.

Marilyn Sterk Reg# 19530-030
Marilyn Sterk
FPC Pekin
PO Box 5000
Pekin, IL 61555-5000

⇔19530-030⇔
Marilyn Sterk
. Federal Prison Camp
P O Box 5000
Pekin, IL 61555
United States



⇔19530-030⇔
U S District Court
Central Dist of Illinois
600 E Monroe ST
Room 151
Springfield, IL 62701
United States

627018166O